# EXHIBIT A

E-FILED | 12/9/2025 4:32 PM
CC-20-2025-C-1446
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

KEVEN JUSTICE, ASHLEY JUSTICE,
THOMAS EVANS, BETTY EVANS,
VICKIE HAMILTON DOWNS, WILLIAM
WOLFORD, KCATHY WOLFORD,
and DONALD LEWIS, each
individually and on behalf of all other
similarly situated victims,

    Plaintiffs,

v.

Civil Action No.
Honorable:

TRANSWOOD LOGISTICS, INC., and
HAROLD DAVID CASTO.

    Defendants.

## COMPLAINT

**COME NOW** the Plaintiffs, Keven Justice, Ashley Justice, Thomas Evans, Betty Evans, Vickie Hamilton Downs, William Wolford, Kcathy Wolford, and Donald Lewis[1], individually and on behalf of all similarly situated victims, who for their *Complaint* against Defendants, Transwood Logistics, Inc. ("Transwood") and Harold David Casto ("Casto"), state as follows:

### Common Allegations

1. Plaintiff Keven Justice is a resident of 3983 Scott Depot Road, Hurricane, Putnam County, West Virginia, and was, at all times relevant to this Complaint, an employee of Transwood.

2. Plaintiff Ashley Justice is the wife of Keven Justice and a resident of 3983 Scott Depot Road, Hurricane, Putnam County, West Virginia.

---

[1] Plaintiffs Keven Justice, Thomas Evans, Vickie Hamilton Downs, William Wolford, and Donald Lewis shall be referred to collectively as the "Employee Plaintiffs" and Plaintiffs Ashley Justice, Betty Evans, and Kcathy Wolford shall be referred to as the "Spouse Plaintiffs." As a group, they shall be referred to as "Plaintiffs".

39099/1349716

1

3. Plaintiff Thomas Evans is a resident of 125 Overlook Drive, Hurricane, Putnam County, West Virginia, and was, at all times relevant to this Complaint, an employee of Transwood.

4. Plaintiff Betty Evans is the wife of Thomas Evans and a resident of 125 Overlook Drive, Hurricane, Putnam County, West Virginia.

5. Plaintiff Vickie Hamilton Downs is a resident of 214 9th Avenue Apartment A, South Charleston, Kanawha County, West Virginia, and was, at all times relevant to this Complaint, an employee of Transwood.

6. Plaintiffs William Wolford is a resident of 554 21st Street, Dunbar, Kanawha County, West Virginia, and was, at all times relevant to this Complaint, an employee of Transwood.

7. Plaintiff Kcathy Wolford is the wife of William Wolford and a resident of 554 21st Street, Dunbar, Kanawha County, West Virginia.

8. Plaintiff Donald Lewis is a resident of 565 Pacific Street, Charleston, Kanawha County, West Virginia, and was, at all times relevant to this Complaint, an employee of Transwood.

9. Defendant Transwood is a foreign corporation based out of Nebraska, actively engaged in the commercial transportation business, including in Kanawha County, West Virginia. Defendant Transwood's local terminal location is listed as 12 Black Betsy Road, Poca, West Virginia 25159.

10. Defendant Harold David Casto is a resident of 64 Casto Lane, Buffalo, Putnam County, West Virginia, and was, at all times relevant to this Complaint, an employee of Defendant

Transwood as the Terminal Manager over Plaintiffs Keven Justice, Thomas Evans, Vickie Hamilton Downs, William Wolford, and Donald Lewis.

11. At all relevant times, the Defendants were engaged in commercial transportation and conducted business in West Virginia, including in Kanawha County, West Virginia.

12. This Court has jurisdiction and venue over this matter because Defendant Transwood does business in West Virginia, including in Kanawha County, West Virginia; Defendant Casto resides in West Virginia; Plaintiffs Keven Justice, Thomas Evans, Vickie Hamilton Downs, William Wolford, and Donald Lewis worked for Defendant Transwood in West Virginia; the acts giving rise to this Complaint occurred in West Virginia; and the amount in controversy is in excess of the jurisdictional limit of this Court.

13. At all relevant times, Employee Plaintiffs worked as commercial CDL truck drivers for Defendants, operating semi-trucks that had electronic inward facing cameras, and were told that the inward facing cameras only recorded visual driver activity during active duty and working hours and did not record audio at any time.

14. While working for Defendant Transwood, and on multiple occasions, Plaintiff Keven Justice was inside his tractor driving and communicating privately with Plaintiff Ashley Justice and others via a cellular phone.

15. Upon information and belief, the phone calls of Plaintiffs Keven Justice with Ashley Justice and others were intercepted via a microphone, recorded, and streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto.

16. Neither Plaintiff Keven Justice nor Ashley Justice consented to their phone calls being intercepted, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

17. While working for Defendant Transwood, and on multiple occasions, Plaintiff Keven Justice was inside his tractor driving and communicating privately with his attorneys via a cellular phone.

18. Upon information and belief, the phone communications between Plaintiff Keven Justice and his attorneys were illegally intercepted via a microphone, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

19. Neither Plaintiff Keven Justice nor his attorneys consented to their phone calls being intercepted, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

20. While working for Defendant Transwood, and on multiple occasions, Plaintiff Thomas Evans was inside his tractor driving and communicating privately with Plaintiff Betty Evans via a cellular phone.

21. Upon information and belief, the phone calls between Plaintiffs Thomas Evans and Betty Evans were intercepted via a microphone, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

22. Specifically, Plaintiff Thomas Evans believes that the phone call he was on with his wife, Plaintiff Betty Evans, on October 4, 2025, prior to him being pulled over for speeding in a construction zone, was illegally intercepted via a microphone, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

23. When Plaintiff Betty Evans asked Defendant Casto about the recording system, he admitted the video recording of Plaintiff Thomas Evans' incident also included sound recordings, which would have included the illegal interception of her phone calls with her husband.

24. Neither Plaintiff Thomas Evans nor Plaintiff Betty Evans consented to their phone calls being intercepted, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

25. While working for Defendant Transwood, and on multiple occasions, Plaintiff Vickie Hamilton Downs was inside her tractor driving and communicating privately with others via a cellular phone.

26. Upon information and belief, the phone calls of Plaintiff Vickie Hamilton Downs were intercepted via a microphone, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

27. Plaintiff Vickie Hamilton Downs did not consent to her phone calls being intercepted, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

28. While working for Defendant Transwood, and on multiple occasions, Plaintiff William Wolford was inside his tractor driving and communicating privately with Plaintiff Kcathy Wolford via a cellular phone.

29. Upon information and belief, the phone calls between Plaintiffs William Wolford and Kcathy Wolford were intercepted via a microphone, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

30. Neither Plaintiff William Wolford nor Kcathy Wolford consented to their phone calls being intercepted, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

31. While working for Defendant Transwood, and on multiple occasions, Plaintiff Donald Lewis was inside his tractor driving and communicating privately with others via a cellular phone.

32. Upon information and belief, the phone calls of Plaintiff Donald Lewis were intercepted via a microphone, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

33. Plaintiff Donald Lewis did not consent to his phone calls being intercepted, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

34. On or about December 10, 2024, Plaintiff Keven Justice learned, for the first time, that his private, personal, and intimate conversations and conduct within his truck cab was being illegally intercepted, recorded, and streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto without his permission or consent, including time when he was outside of active duty and working hours.

35. Thereafter, Plaintiffs Ashley Justice, Thomas Evans, Betty Evans, Vickie Hamilton Downs, William Wolford, Kcathy Wolford, and Donald Lewis learned that their personal, private, and intimate conversations and conduct was being illegally intercepted, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

36. Upon information and belief, at least twenty other drivers who worked for Defendants had their personal, private, and intimate conversations and conduct illegally intercepted, recorded, streamed to a computer or recording device controlled by Defendant Transwood and Defendant Casto, and published to others.

37. The audio recordings and interceptions of Plaintiffs and Defendants' other drivers' private communications were conducted both while they were "on the clock" working for Defendant Transwood and also while they were outside of any employment hours.

38. At multiple times, Employee Plaintiffs and Defendant Transwood's other drivers were told by Defendants that audio was not captured or recorded by the video system inside Defendant Transwood's tractors.

39. It was later discovered that Defendant Casto had access to the videos recorded from Defendant Transwood's tractors, and that the recordings also captured sound, and was able to play the videos with sound within his office.

40. Defendant Casto published information he learned from these illegal intercepted conversations to other employees of Defendant Transwood.

41. For example, Plaintiff Keven Justice is aware that a phone conversation he had with William Wolford was illegally intercepted and published to Defendant Casto and then some of the information from the conversation, a nickname for William Wolford, was published by Defendant Casto to other employees.

42. Defendants unjustly and unlawfully intercepted, recorded, listened, observed, and published Plaintiffs' private, personal, and intimate conversations and conduct within Defendant Transwood's truck cab through the inward facing camera systems in blatant invasion of the rights of Plaintiffs and Defendant Transwood's drivers' right of privacy and violated West Virginia law.

43. Further, upon information and belief, Defendants subsequently shared and published details of Plaintiffs private, personal, and intimate conversations and conduct with third parties, including other persons affiliated with the Defendants' business who Plaintiffs know and/or work with.

44. Defendants also knowingly and intentionally concealed the fact that they were illegally intercepting, recording, streaming to a computer or recording device all audio that occurred inside the tractors, including private phone calls, and publishing the private information of Plaintiffs and Defendant Transwood's other drivers to others.

45. When directly asked if audio of Plaintiffs and Defendant Transwood's other drivers, including their phone conversations was being recorded, Defendants falsely told Plaintiffs and Defendant Transwood's other drivers that it was not.

46. Further, at multiple times, Defendants provided videos to Plaintiffs with the audio removed to make it appear that audio was not captured by the cameras.

47. It was not until December 10, 2024, when Plaintiff Keven Justice was provided a video recording which did not have the sound removed, that he learned that all of his communications and conversations were being recorded by Defendants, without his knowledge or consent.

48. As a direct and proximate result of Defendants' intercepting, recording, streaming to a computer or recording device all audio that occurred inside the tractors, including private phone conversations, and the publication of the same to others, Plaintiffs and Defendant Transwood's other drivers have sustained significant damages that include embarrassment, shock, anger, humiliation, emotional trauma, disappointment, and ruined reputations among their peers.

## COUNT I – INVASION OF PRIVACY-INTRUSION

49. Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 48 of this Complaint, as though fully restated and made a part of Count I of this Complaint.

50. During Employee Plaintiffs' employment with Defendant Transwood, the Employee Plaintiffs operated semi-trucks with inward facing cameras and were told by Defendants that the cameras did not capture or record any audio and that they did not record during non-travel travel time (off hours).

51. Due to the nature of Employee Plaintiffs' work as CDL drivers, they operated semi-trucks for long periods of time and were required by federal law to take breaks and rest during the long trips.

52. During Employee Plaintiffs' required breaks and rest, which were outside the scope of their work duties and employment, the Employee Plaintiffs engaged in personal, private, and intimate communications and acts, such as sleeping, leisure time, eating, and/or phone conversations with their partner while inside Defendant Transwood's semi-truck cabs.

53. The Plaintiffs had the reasonable expectation that their personal, private, and intimate time and acts were not being recorded visually or audibly by the placed inward facing camera systems.

54. However, Plaintiffs have discovered that the inward facing camera systems owned and operated by Defendant Transwood were active, watching, listening and recording at all times, including during the Employee Plaintiffs' inactive private time (non-work hours).

55. When Plaintiff Keven Justice confronted Defendant Casto about the recordings and asked, directly, why the Employee Plaintiffs and Defendant Transwood's other drivers had not

been told that the inward facing camera systems in Defendant Transwood's semi-truck cabs recorded audio, Defendant Casto replied "I guess no one asked … didn't really think of it until you asked."

56. After Plaintiff Keven Justice followed up and pointed out that the Employee Plaintiffs had previously asked if the inward facing cameras were recording audio in the past, and were told that the camera systems did not capture or record any audio, he was told to check with Defendant Casto, who replied, "correct."

57. Plaintiffs discovered later that Defendants Transwood and Casto not only knew about the visual and audio recordings of the Employee Plaintiffs and Defendant Transwood's other drivers during their non-work time but actually reviewed the recordings and shared the Plaintiffs and Defendant Transwood's other drivers' personal, private, and intimate information and communications with third parties, including others affiliated with Defendants who the Employee Plaintiffs know and/or work with.

58. Further, Plaintiffs discovered that Defendants in the past knowingly provided and shared video recordings of Defendants' drivers with the captured audio removed to support their false representation that audio was not being intercepted and recorded by the camera systems.

59. In West Virginia, Plaintiffs and Defendant Transwood's other drivers were entitled to privacy and seclusion while not actively engaged in work activities for Defendants, and Plaintiffs' legal interest in said privacy is concrete, particularized, and actual.

60. Further, Plaintiffs and Defendant Transwood's other drivers were entitled to be left alone and to keep secret their private communications and activities during their time in Defendant Transwood's tractors, including during their non-work hours.

61. Plaintiffs' privacy and the privacy of Defendant Transwood's other drivers is "an individual right that should be held inviolate."

62. Neither the Employee Plaintiffs, the Spouse Plaintiffs or Defendant Transwood's other drivers permitted or consented to allow Defendants to intrude into their personal, private, and intimate lives nor was there any consent to the interception and recording of their private communications at any time.

63. Plaintiffs and Defendant Transwood's other drivers have suffered an outrageous and unjust invasion of privacy that interferes with their property, property rights, personal rights, and personal liberties.

64. As a direct and proximate result of Defendants' unlawful and unauthorized recording of Plaintiffs' personal, private, and intimate time and communications, Plaintiffs are entitled to recover compensatory damages, consequential damages, attorney's fees, litigation costs, and punitive damages.

### COUNT II – VIOLATION OF THE WEST VIRGINIA WIRETAPPING AND ELECTRONIC SURVEILLANCE ACT

65. Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 64 of this Complaint, as though fully restated and made a part of Count II of this Complaint.

66. The West Virginia Wiretapping and Electronic Surveillance Act, W. Va. Code §62-1D-12 makes clear that intercepting or disclosing individuals oral, wire, or electronic communications without authorization is unlawful in West Virginia.

67. As described above, Defendants intercepted, recorded, stored, and disseminated Plaintiffs' personal, private, and intimate communications within semi-trucks utilizing inward facing cameras without any consent.

68. Any individual or entity violating the West Virginia Wiretapping and Electronic Surveillance Act owes damages for claims of invasion of privacy by intrusion.

69. Plaintiffs have brought a claim of invasion of privacy by intrusion, and Defendants have notably violated the West Virginia Wiretapping and Electronic Surveillance Act on multiple occasions over the countless years of employment with and hundreds of commercial trips for Defendants.

70. Due to Defendants' numerous and outrageous violations of the West Virginia Wiretapping and Electronic Surveillance Act, Plaintiffs are entitled to actual damages, statutory damages, attorney's fees, and punitive damages.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 70 of this Complaint, as though fully restated and made a part of Count III of this Complaint.

72. Defendants' aforementioned unlawful and unjust recording of Plaintiffs' personal, private, and intimate time and communications and sharing of the same with affiliated third parties who Plaintiffs know and/or worked with is negligent.

73. Defendants had a duty to not record and share Plaintiffs' personal, private, and intimate time and communications, and it was foreseeable that recording and sharing the same would be emotionally and personally harmful and detrimental to Plaintiffs.

74. Defendants breached their duty to Plaintiffs when they recorded and shared Plaintiffs' personal and private time and communications with third party affiliates who Plaintiffs know and/or worked with because Plaintiffs simply worked for Defendants and Defendants had access to the same.

75. Plaintiffs were reasonably shocked, embarrassed, humiliated, angry, and disappointed with Defendants' recording actions when realizing their previously thought to be personal, private, and intimate moments and communications were shared with others who Plaintiffs know and/or work with.

76. Plaintiffs' emotional distress described directly above was proximately caused by Defendants' actions in unlawfully and unjustly recording Plaintiffs' personal, private, and intimate time and sharing the same with affiliated third parties who Plaintiffs know and/or worked with.

77. As a direct and proximate result of Defendants' aforementioned unlawful and unjust recording of Plaintiffs' personal, private, and intimate time, Plaintiffs are entitled to recover compensatory damages, consequential damages, attorney's fees, litigation cost, and punitive damages.

### COUNT IV - ALLEGATIONS UNDER RULE 23 OF THE WEST VIRGINIA RULES OF CIVIL PROCEDURE

78. Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 77 of this Complaint, as though fully restated and made a part of Count V of this Complaint.

79. The Employee Plaintiffs brings this action on behalf of themselves and, pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, on behalf of all other similarly situated employees of Defendant Transwood, as representatives of the following class (hereinafter referred to as "the Class"):

    Any person or entity:

    1.    Who is or was a CDL driver for Defendant Transwood, based out of West Virginia, at any time from December 10, 2015 to the present;

    2. Who, on or after December 10, 2015, had their personal, private, and intimate actions and communications illegally intercepted, recorded, streamed to a computer or other recording device, and published to others without their consent;

    3. Whose oral, wire, and/or electronic communications were intercepted, recorded, streamed to a computer or other recording device, and published to others without their consent, from December 10, 2015 to present;

    4. Who, on or after December 10, 2015, suffered emotional trauma, shock, embarrassment, humiliation, anger, and/or disappointment after learning of Defendants' conduct; and

    5. Who has not already reached a settlement with Defendants regarding their claims resulting from Defendants' invasion of privacy by recording and sharing the personal, private, and intimate lives, communications, and conduct.

80. On behalf of the Class, the Employee Plaintiffs, pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, seek class certification of the claim in Counts I-IV of this Complaint, which seeks compensatory damages, consequential damages, attorney's fees, litigation cost, and punitive damages from Defendants Transwood and Casto for the unlawful interception, recording, streaming to a computer or other recording device, and publishing to others of their personal and private activities and communications.

81. The Employee Plaintiffs seek a class determination of the disputed issue regarding Defendants Transwood and Casto's conduct of unlawful interception, recording, streaming to a computer or other recording device, and publishing to others of their personal, private, and intimate time reaching and meeting the civil actionable level for claims of invasion of privacy, violations of the West Virginia Wiretapping and Electronic Surveillance Act, and negligent infliction of emotional distress, and a determination of the losses sustained by the Class as a proximate result of Defendants Transwood and Casto's actions.

82. While the Employee Plaintiffs do not presently possess information sufficient to identify the exact size of the Class, the Employee Plaintiffs know of at least ten other individuals and reasonably believe the total size of the Class is sufficiently numerous that joinder of all members would be impracticable.

83. The claims of the Employee Plaintiffs are typical of the claims of the Class, and the Employee Plaintiffs will fairly and adequately protect the interests of the Class.

84. The Employee Plaintiffs have no conflict with any other Class member and have retained competent counsel experienced in tort and class litigation.

85. Defendants Transwood and Casto, upon information and belief, have acted or refused to act on grounds generally applicable to the Class, thereby making relief with respect to the Class as a whole appropriate.

86. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants and adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, and which would substantially impair or impede their ability to protect their interests.

87. Common questions of law and fact exist, including:

   a. Whether Defendants' recording of the Class's personal, private, and intimate time while the members of the Class were employed by Defendants and not on active duty during working hours was unlawful, unjust, and/or constitutes a viable claim of invasion of privacy in West Virginia;

   b. Whether Defendants' interception, recording, streaming to a computer or other recording device, and publishing to others of the Class's private communications constitute violations

        of the West Virginia's Wiretapping and Electronic Surveillance Act;

   c.   Whether Defendants' interception, recording, streaming to a computer or other recording device, and publishing to others of the Employee Plaintiffs and the Class's personal, private, and intimate time while Plaintiffs were employed by Defendant Transwood and not on duty during working hours constitutes a negligent infliction of emotional distress upon the members of the Class; and

   d.   Whether the members of the Class are entitled to compensatory damages, consequential damages, attorney's fees, litigation cost, and/or punitive damages arising from Defendants' interception, recording, streaming to a computer or recording device, and publishing to others of the members of the Class's personal, private, and intimate time while the members of the Class were employed by Defendant Transwood and not on active duty and during working hours.

88. The aforementioned questions of law and fact are common to the Class and predominate over any questions affecting only individual Class members.

89. Class action treatment is a superior method for the fair and efficient adjudication of the controversy described herein, and a Class action provides the most efficient method for the enforcement of the rights of the Class members, and Defendants Transwood and Casto.

90. The Employee Plaintiffs know of no unusual problems of management and notice with respect to the Class.

91. The Employee Plaintiffs believe the total size of the Class is sufficiently numerous that joinder of all members would be impracticable.

92. The claims raised against Defendants Transwood and Casto concerning their invasion of privacy, violations of the West Virginia Wiretapping and Electronic Surveillance Act, and negligent infliction of emotional distress are typical of the claims of the Class such that the Employee Plaintiffs will fairly and adequately protect the interests of the Class.

**WHEREFORE**, the Plaintiffs, individually and on behalf of all similarly situated victims, demand judgment as follows:

a) An award of compensatory damages against Defendants Transwood and Casto, in an amount in excess of this Court's threshold jurisdictional limits, as proven by the evidence at trial, in connection with the Defendants' unlawful and unjust recording of Plaintiffs and the Class's personal, private, and intimate time while the Employee Plaintiffs and the members of the Class were employed by Defendant Transwood and not on active duty during working hours, constituting an invasion of privacy, violations of the West Virginia Wiretapping and Electronic Surveillance Act, and/or negligent infliction of emotional distress in West Virginia;

b) An award of all damages allowed by law against Defendants Transwood and Casto, in an amount in excess of this Court's threshold jurisdictional limits, as proven by the evidence at trial, in connection with the Defendants' unlawful and unjust recording of Plaintiffs' communications while the Employee Plaintiffs and the members of the Class were driving for Defendants and not on active duty and working hours constituting an invasion of privacy, for violations of the West Virginia Wiretapping and Electronic Surveillance Act, and/or negligent infliction of emotional distress in West Virginia;

c) An award of punitive damages against Defendants Transwood and Casto in connection with the Defendants' unlawful and unjust interception, recording, streaming to a computer or other recording device, and publishing to others of Plaintiffs and the Class's personal, private, and intimate time while the Employee Plaintiffs and the members of the Class were employed by Defendant Transwood but were not on active duty during working hours, constituting an invasion of privacy, violations of the West Virginia Wiretapping and Electronic Surveillance Act, and/or negligent infliction of emotional distress in West Virginia;

d) Pre-judgment and post-judgment interest, and the attorney's fees and expenses and costs incurred in pursuing this action; and

e) Such further and additional relief as the Court may deem just and proper.

**THE EMPLOYEE PLAINTIFF, EACH INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED VICTIMS AND THE SPOUSE PLAINTIFFS, DEMAND A TRIAL BY JURY ON ALL COUNTS OF THEIR COMPLAINT.**

**KEVEN JUSTICE, ASHLEY JUSTICE, THOMAS EVANS, BETTY EVANS, VICKIE HAMILTON DOWNS, WILLIAM WOLFORD, KCATHY WOLFORD, and DONALD LEWIS, EACH INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED VICTIMS**

**By counsel,**

/s/ *Brent K. Kesner*

Brent K. Kesner (WVSB #2022)
Anthony E. Nortz (WVSB #12944)
Kevin C. Kidd (WVSB #13642)
**Kesner & Kesner, PLLC**
112 Capitol Street
P. O. Box 2587
Charleston, WV 25329
*Phone:* (304) 345-5200
*Fax:* (304) 345-5265
bkesner@kesnerlaw.com
anortz@kesnerlaw.com
kkidd@kesnerlaw.com
***Counsel for Plaintiffs***

39099/1349716

18